IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLIE MAE FELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:12cv76-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff, Charlie Mae Felton, applied for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq*. Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision in which Plaintiff was found not disabled. The Appeals Council granted Plaintiff's request for review of the ALJ's decision and remanded the case for clarification regarding Plaintiff's alleged onset date and whether her mental impairments met a listing. Following two additional hearings, a different ALJ issued an unfavorable decision in which Plaintiff was found not disabled. The Appeals Council then denied Plaintiff's request for review of the ALJ's decision and that decision consequently became the final decision of the

Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 8); Def.'s Consent to Jurisdiction (Doc. 7).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

(1) Is the person presently unemployed?

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

3


do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-five years old at the time of the hearing before the ALJ and had graduated from high school, and attended cosmetology school. Tr. 420, 426, 471. Her past relevant work experience was as a cleaner, a companion, and a babysitter. Tr. 454. Following an administrative hearing, and employing the five-step process, the ALJ found Plaintiff had "not engaged in substantial gainful activity since April 1, 2004 the amended onset date." (Step 1)  Tr. 26. At Step 2, the ALJ found that Plaintiff suffered from the following severe impairments: "borderline intellectual functioning, depression, diabetes mellitus, obesity, and history of lumbar radiculopathy and lumbar strain." *Id*. The ALJ then found that Plaintiff did "not have an impairment or combination of impairments that met or medically equaled one of the listed impairments." (Step 3) Tr. 31. Next, the ALJ determined that Plaintiff retained the RFC to perform a range of light work with restrictions, including simple routine tasks, short and simple instructions, occasional interaction with the public and co-workers. Tr. 35. At Step Four, and after consulting with a VE, the ALJ determined Plaintiff could perform past work as a cleaner. Tr. 39. Thus, the ALJ determined that

Plaintiff had not been under a disability since the alleged onset date through the date of the decision. *Id*.

## IV.   DISCUSSION

Plaintiff's single claim challenges the ALJ's rejection of the opinion of Ms. Baldwin, Plaintiff's mental health counselor. Plaintiff asserts that the ALJ rejected Ms. Baldwin's opinion because she is not an acceptable medical source. Pl.'s Br. (Doc. 14) at 7. Specifically, Plaintiff asserts that "the ALJ stated that no weight is given to Ms. Baldwin's assessment because she is a counselor and not an acceptable medical source but instead an 'other source' and the opinions of 'other sources' are not medical opinions and are not entitled to great weight (Tr. 38-39)." *Id*.

Plaintiff's recitation of the ALJ's determination here is not accurate. After discussing the different weights accorded to the different opinions of record, the ALJ stated that no weight was accorded to Ms. Baldwin's opinion "for several reasons." Tr. 38. First, the ALJ pointed to Ms. Balwin's findings of "marked limitations in almost every area assessed" and stated that "[s]uch profound limitations are inconsistent with her own treatment notes." *Id*. Next, the ALJ noted that Ms. Baldwin's assessment was inconsistent with other medical evidence of record, pointing to the opinions of Dr. Michele King and Dr. Glen King.[5] Finally, the ALJ stated that "[f]urthermore, Ms. Baldwin is a counselor, not a licensed

---

[5] In addition, as the Commissioner rightly notes, "Dr. Garner [also] testified that Ms. Baldwin's opinion was inconsistent with the evidence of record (Tr. 448-49, 477-79)." Def.'s Br. (Doc. 15) at 11.

clinical psychologist" and, as an "other source," her opinion was not entitled to controlling weight or great weight. Tr. 38-39

Nowhere in the decision did the ALJ state that she was giving "no weight" to Ms. Baldwin's assessment because her opinion was as an "other source" and not a "medical source." The ALJ simply recited the proper standard for the assignment of weight for "other sources"[6] after articulating good cause for the assignment of no weight to Ms. Baldwin's assessment. That determination is supported by substantial evidence and, thus, the court finds Plaintiff's argument to be without merit.

## V.    CONCLUSION

The Court has carefully and independently reviewed the record and AFFIRMS the decision of the Commissioner. A separate judgment will issue.

DONE this 25th day of June, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[6] Counselors are not listed in regulations as "acceptable medical sources." 20 C.F.R. § 404.1513(a). *See Stigall v. Astrue*, 2011 WL 65886, at *6 (E.D. Ky. Jan. 10, 2011) ("Numerous courts have affirmed the rule that counselors are not 'acceptable medical sources.'"); *Rolfe v. Astrue*, 2010 WL 4456860 (D. Me. Oct. 31, 2010) (finding that a counselor, does not qualify as an "acceptable medical source" for Social Security purposes); *Redden v. Comm'r of Soc. Sec.*, 2010 WL 3522338 (S.D. Ohio Mar. 30, 2010) (holding that counselors and social workers are "other" non-medical sources, not "acceptable medical sources"); *Parker v. Astrue*, 2009 WL 2986400 (E.D. Ark. Sept. 15, 2009) ("Licensed Professional Counselors . . . are not 'accepted medical sources.' Instead, they are 'other sources' just as relatives and neighbors who provide evidence." (internal citations omitted)).